Chancellor James

delivered the decfee of the Court.

This cause comes on upon exceptions to the commissioner’s report:
1st. Exception — That the master while acting as receiver for the estate of Thomas Simmons and wife, had suffered $ 11,500 to lie idle and unproductive of interest for three months and twenty days, which might have been vested at any time during that period in stock. Mr. Cochran certified that United, *49 States stock might have been procured at 102,108, or 110. But the master states that he waited that time in the expectation of getting stock which would yield six per cent; but not succeeding, he thought it most beneficial for the trust estate to loan it to Mr. Ilort, on the same terms of 6 per cent, payable quarterly, and the bond secured by a deposit of stock. That after-wards, Mr. Hayne, under a power of an attorney from complainant, received all the monies in his hands and the bonds, including that of Mr. Hort, and gave a receipt for them, which the master produces. He also produces a letter from complainant, in which he recommends to him to loan the unappropriated funds in iiis hands to William E. Haync, upon his giving a mortgage of his house and lot in Columbia, and says, “he thinks it would he as well secured thereby as it could possibly be in any stock in the United States.” But now, after the settlement with the attorney" of the complainant, and this letter recommending a similar investment of the trust funds and not complaining all the time of what had been done, it is too late for complainant to come forward with his exception. A reasonable time ought to be allowed for such investments, and no unreasonable time appears to have been taken.
2nd. Exception — That the master paid ‡860 arising from the sale of a slave, part of the capital trust estate, to the tenant for life, and he is not reported as liable to make it up to the trust fund. The master was wrong to break in on the capital of the trust fund, as the case cited from 11 Ves. 604, as well as many others shew. But still the complainant may have an easy remedy without making the master liable in the first instance. He is the trustee, bound to pay the dividends to Mrs. Simmons, and let him retain the amount, with interest from the time of the payment, out of that fund. But if that fund should fail, the master must be liable.
3rd. Exception — That a commission of one per cent waá allowed to the master for delivering up certain bonds taken in part payment for the property sold by him. The master in this case acted as a receiver, in a new and distinct character from that of his general official duties, and in one not contera- *50 plated by tbe fee bill. Nov/ it has been frequently decided ffi this court, “that the master or commissioner, when appointed and acting as receiver, acts in a new and distinct character, and is entitled to compensation in that character;” Shubrick vs. Fisher, Minutes Court Equity, 25th June, 1802, Butler, vs. Ryan, 3. Eq. Reports, 182; Wightman, vs. Lining, decided in this court. So that it is proper to follow the established course of this court.
4th. Exception — That the master sold a negro woman and her two children for ‡ 100 less than it is admitted could have been got for her. The,commissioner reported the master as liable for the difference, but the circuit court overruled that part of the report, and the decree of the circuit court is now appealed from. Complainant wished her sold in Columbia, where he states in a letter to the master that he could get $800 for her. But the auctioneer, Mr. Toomer, says she refused to go to Columbia and ran away, and afterwards came in under an express promise that she should be sold in Charleston, where herhusb and and children lived. She was besides sickly and was not worth more than the money she brought. Under these circumstances, and upon every principle of humanity to slaves, the decree of the circuit court, both on this exception and all the others depending on the points above stated, must be affirmed Therefore, the decree of the circuit court is affirmed.
Chancellors Desaussure, Guillará and Waties, concurred,